ANSTEAD, Judge,
dissenting.
I fail to see any evidentiary predicate to support the majority’s conclusion that there is an issue of fact on the issue of good faith which would preclude the entry of summary judgment. It may be that this transaction, like most substantial real estate ventures gone sour, appears confusing and suspicious, especially in light of numerous allegations exchanged between the parties after the transaction went sour. However, I fail to see in those allegations an assertion of fact that raises a material issue as to the legal validity of appellant’s claims of bad faith and fraud.
In my view, the critical facts are undisputed. Wolofsky and Warren entered into an agreement for the purchase of real estate. Warren was at all times ready to convey the real estate to Wolofsky. Prior to the execution of the Wolofsky-Warren agreement, Wolofsky had been negotiating with Glusman about the same property and had been informed by Glusman that Glus-man had been intimately involved in Warren’s acquisition of the property and that he had an agreement with Warren to receive a “consulting fee” should the property be sold. Later, Wolofsky claimed that although he may have been aware that Glusman had some financial stake in the sale of the property, no one told him that Glusman claimed an ownership interest in the property. It is this claim of an ownership interest by Glusman that Wolofsky later asserted as a “defect” in the title of the property and because of which he refused to close. Under the purchase agreement, if a title defect was asserted, Wolof-sky had the option of receiving his deposit back or going forward with the sale if, after 120 days, the seller (Warren) was unable, despite good faith efforts, to remove the defect. Wolofsky would agree to neither. I believe the grant of summary judgment in Warren’s favor is sustainable on either of two grounds: first, that the record is uncontradicted that Glusman had no ownership interest in the property, and second, that the record is uncontradicted as to Warren’s good faith efforts to resolve the Glusman claim.
The agreement between Glusman and Warren, about which Glusman testified that he told Wolofsky and that Wolofsky does not deny he was aware, specifically and unambiguously provides that Glusman will have no ownership interest in the property, legal or equitable, and that Warren has absolute discretion to convey the property in an arms-length transaction. The agreement acknowledges Glusman’s work *947 in the acquisition of the property and provides for Glusman’s entitlement to compensation out of the profits of any sale and the right to be informed of the sale after it takes place. This unambiguous agreement was available to and known by Wolofsky well before the scheduled closing and the subsequent 120-day period for curing title defects. Yet Wolofsky demanded, in essence, that Warren pay off Glusman before he would proceed with the purchase of the property. Since the agreement was the sole basis of Glusman’s “ownership” claim and it unambiguously provides no ownership interest, there really was no title defect.
In addition to the Glusman-Warren agreement resolving the issue of any “ownership” interest by Glusman and, hence, the issue of a defect, the record reflects that Warren diligently and successfully defended the claim by Glusman as to an “ownership” interest in the property. While Warren had not yet terminated the Glusman action by the end of the 120-day period, he had successfully attacked the filing of a lis pendens by Glusman both at the trial and appellate levels. He also provided Wolofsky with a title insurance policy covering the Glusman claim, but that was summarily rejected by Wolofsky. There is simply no evidence that Warren acted other than in good faith in dealing with the Glus-man claim, even though Warren could have simply rested on the unambiguous language of the Warren-Glusman agreement in responding to Wolofsky’s complaint of a “defect” in title because of the Glusman claim of an ownership interest.
Perhaps there is something wrong with the transaction in question, and that “something” will later appear. However, I believe we are limited to the issues presently pending and the evidence on those issues in the record, and I find no relevant conflicts in the evidence on the issues raised.
I would affirm.